1   Joshua D. Kienitz, Bar No. 244903
    jkienitz@littler.com
2   LITTLER MENDELSON, P.C.
    Treat Towers
3   1255 Treat Boulevard
    Suite 600
4   Walnut Creek, California 94597
    Telephone:  925.932.2468
5   Fax No.:     925.946.9809

6   P. Dustin Bodaghi, Bar No. 271501
    dbodaghi@littler.com
7   Alejandra Gallegos, Bar No. 340320
    agallegos@littler.com
8   LITTLER MENDELSON, P.C.
    18565 Jamboree Road
9   Suite 800
    Irvine, California  92612
10  Telephone:  949.705.3000
    Fax No.:     949.724.1201
11

12  Attorneys for Defendant
    UNIVERSITY MECHANICAL &
13  ENGINEERING CONTRACTORS, INC.

14              UNITED STATES DISTRICT COURT

15              SOUTHERN DISTRICT OF CALIFORNIA

16

| | |
|---|---|
| 17  BROCK ALLMARAS, on behalf of others similarly situated, | Case No. **'24CV1581 GPC SBC** |
| 18 | **NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** |
| 19              Plaintiff, | |
| 20       v. | Trial Date:       TBD |
| 21  UNIVERSITY MECHANICAL & ENGINEERING CONTRACTORS, INC. and DOES 1 through 50, inclusive, | San Diego Superior Court Complaint Filed:       August 2, 2024 |
| 22 | |
| 23              Defendants. | |

24

25

26

27

LITTLER
MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000
28

# TABLE OF CONTENTS

PAGE

I.    PROCEDURAL BACKGROUND .................................................. 8

II.   REMOVAL JURISDICTION ...................................................... 9

III.  REMOVAL PROCEDURE ......................................................... 10

IV.  FACTUAL BACKGROUND ....................................................... 11

    A.   Plaintiff's Employment .................................................. 11

    B.   Relevant Collective Bargaining Agreement Provisions ......................... 11

V.   LEGAL DISCUSSION ................................................................ 15

    A.   The Section 301 Preemption Analysis – Legal Standard ...................... 16

    B.   Plaintiff's Second Cause Of Action (Overtime) Is Preempted Under *Curtis* Step One. .................................................. 17

    C.   Plaintiff's First Cause Of Action (Minimum Wages) Is Preempted Under *Curtis* Step One Or Step Two. ......................... 19

    D.   Plaintiff's Third Cause Of Action (Meal Breaks) Is Preempted Under *Curtis* Step One. .................................................. 21

    E.   Plaintiff's Fourth Cause Of Action (Rest Breaks) Is Preempted Under *Curtis* Step One. .................................................. 22

    F.   Plaintiff's Fifth Cause Of Action (Paid Sick Leave) Is Preempted Under *Curtis* Step One. .................................................. 23

    G.   Plaintiff's Sixth Cause Of Action (Untimely Payment of Wages) Is Preempted Under *Curtis* Step One. ................................... 25

    H.   Plaintiff's Derivative Wage Statement Penalty, Waiting Time Penalty And UCL Claims (Seventh, Eighth And Eleventh Causes Of Action) Are Preempted Under *Curtis* Step One. ..................... 26

    I.   Plaintiff's Ninth Cause Of Action (Failure to Reimburse Business Expenses) Is Preempted Under *Curtis* Step Two. ................ 26

    J.   The Court Has Supplemental Jurisdiction Over Any Of Plaintiff's Claims That The Court Finds To Be Non-Preempted. ........... 27

VI.  CONCLUSION ........................................................................ 28

LITTLER
MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allis-Chalmers Corp. v. Lueck,*
    471 U.S. 202 (1985)................................................................16

*Araquistain v. Pacific Gas & Electric Co.,*
    229 Cal. App. 4th 227 (2014)................................................21, 22

*Ariola v. Raytheon CA Techs Corp.,*
    2023 U.S. Dist. LEXIS 158377 (C.D. Cal., Sep. 6, 2023) ................................25

*Associated Builders & Contractors, Inc. v. Local 302 International*
    *Brotherhood of Electrical Workers,*
    109 F.3d 1353 (9th Cir. 1997) ...........................................................16

*Ayon v. Zero Waste Sols., Inc,*
    2021 WL 4065716 (E.D. Cal. Sept. 7, 2021) ....................................................17

*Bradford v. Prof'l Tech. Sec. Servs.,*
    2020 WL 2747767 (N.D. Cal. May 27, 2020)..........................................25

*Braswell v. AHMC San Gabriel Valley Med. Ctr. LP,*
    2022 U.S. Dist. LEXIS 42113 (C.D. Cal. Mar. 8, 2022) ................................19

*Brock Allmaras v. University Mechanical & Engineering Contractors,*
    *Inc. and Does 1 through 50,*
    Case No. 24CU004291C ..........................................................*passim*

*Brumble v. Andrew M. Jordan, Inc.,*
    2023 WL 4053418 (N.D. Cal. June 16, 2023) . Here, Plaintiff's Fifth
    Cause of Action ..............................................................23

*Burnside v. Kiewit Pacific Corp.,*
    491 F.3d 1053 (9th Cir. 2007) .......................................................16

*California Chamber of Commerce v. Simpson,*
    601 F. Supp. 104 (C.D. Cal. 1985)...................................................25

*California Hosp. Ass'n v. Henning,*
    569 F. Supp. 1544 (C.D. Cal. 1983)..................................................25

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

LITTLER
MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

*Chavez v. Smurfit Kappa North America LLC*,
  2018 WL 8642837 (C.D. Cal. Oct. 17, 2018) ....................................................20

*Coria v. Recology, Inc.*,
  63 F. Supp. 3d 1093 (N.D. Cal. 2014) ...............................................................22

*Curtis v. Irwin Indus., Inc.*,
  913 F.3d 1146 (9th Cir. 2019) ....................................................................*passim*

*Gay v. Pac Steel Group*,
  2023 U.S. Dist. LEXIS 164851 (N.D. Cal. Sep. 15, 2023) ...........................17, 27

*Gay v. Pacific Steel Group*,
  2021 WL 2917095 (N.D. Cal. Jun. 15, 2021) ......................................................23

*Giles v. Canus Corp.*,
  2022 WL 3370793 (N.D. Cal. Aug. 16, 2022) ............................................*passim*

*Hall v. Live Nation Worldwide, Inc.*,
  146 F. Supp. 3d 1187 (C.D. Cal. 2015) .........................................................19, 25

*Huerta v. Doubletree Emp. LLC*,
  2024 WL 890548 (C.D. Cal. Mar. 1, 2024) ........................................................19

*Jimenez v. Young's Mkt. C*o.,
  2021 WL 5999082 (N.D. Cal. Dec. 20, 2021) ...............................................26, 28

*Jones v. Sysco Ventura Inc.*,
  2021 WL 6104193 (C.D. Cal. Sep. 1, 2021) ........................................................16

*Linebarger v. Graphic Packaging International, LLC*,
  2020 WL 1934958 (C.D. Cal. Apr. 22, 2020) ...............................................17, 27

*Lingle v. Norge Div. of Magic Chef*,
  486 U.S. 399 (1988)............................................................................................16

*Marquez v. Toll Global Forwarding (USA), Inc.*,
  2018 WL 3218102 (C.D. Cal. June 28, 2018)......................................................23

*Mellon v. Universal City Studios, LLC*,
  2022 WL 4021692 (C.D. Cal. Sep. 2, 2022) .................................................17, 26

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
  526 U.S. 344 (1999)............................................................................................10

LITTLER
MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

4

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

*Paulk v. Student Transp. Of America, Inc.*,
  2024 U.S. Dist. LEXIS 1117914 (C.D. Cal. Jul. 3, 2024) ..........................25, 28

*Radcliff v. San Diego Gas & Elec. Co.*,
  519 F. Supp. 3d 743 (S.D. Cal. 2021) ...............................................................17

*Rodriguez v. Gonsalves & Santucci, Inc.*,
  2022 WL 161892 (N.D. Cal. Jan. 18, 2022)................................................*passim*

*Rodriguez v. USF Reddaway Inc.*,
  2022 WL 18012518 (E.D. Cal. Dec. 30, 2022)..................................................19

*Sachs v. Pankow Operating, Inc.*,
  2022 WL 489696 (C.D. Cal. Feb. 16, 2022) ......................................................19

*Teamsters v. Lucas Flour Co.*,
  369 U.S. 95 (1962)..............................................................................................16

*Thieroff v. Marine Spill Response Corp.*,
  2022 WL 2965393 (C.D. Cal. Jun. 6, 2022) . Thus, the First Cause of
  Action...................................................................................................................20

*United Steelworkers of America v. Rawson*,
  495 U.S. 362 (1990)............................................................................................15

*Vasquez v. Packaging Corp. of Am.*,
  2019 WL 4543106 (C.D. Cal. Jun. 7, 2019)......................................................26

*Vranish v. Exxon Mobil Corp.*,
  223 Cal. App. 4th 103 (2014)............................................................................18

*Young v. Anthony's Fish Grottos, Inc.*,
  830 F.2d 993 (9th Cir. 1987) .............................................................................16

*Zayerz v. Kiewit Infrastructure W.*,
  2018 WL 582318 (C.D. Cal. Jan. 18, 2018)......................................................22

**Statutes**

28 U.S.C. §§ 84(a), 1391, and 1441(a) .....................................................................10

28 U.S.C. § 1331 .........................................................................................................8

28 U.S.C. §§ 1331, 1441(a) and 1446 .......................................................................7

LITTLER
MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

28 U.S.C. § 1367 ...............................................................................................9, 27

28 U.S.C. §§ 1441 and 1446 .................................................................................8

28 U.S.C. § 1441(c) ..........................................................................................9, 27

28 U.S.C. § 1446(b) ............................................................................................10

28 U.S.C. § 1446(d) ..............................................................................................8

29 U.S.C. §§ 152(2), (6), (7), and 185(a) ...........................................................10

29 U.S.C. §§ 152(5) and 185(a) ..........................................................................10

29 U.S.C. § 185(a) .............................................................................................8, 9

California Business & Professions Code §§ 17200, *et seq.* ..................................8

California Code Regs., Title 8, § 11160(11)(D) ...................................................22

California Labor Code §§ 200, 218, and 246 .........................................................8

California Labor Code § 201-203 ........................................................................26

California Labor Code § 201 *et seq.*......................................................................8

California Labor Code § 203 ...............................................................................15

California Labor Code § 204 .........................................................15, 17, 25, 28

California Labor Code §§ 204, 210, and 218 .........................................................8

California Labor Code § 204(a) ...........................................................................25

California Labor Code § 204(c) ...........................................................................25

California Labor Code § 226 ..............................................................8, 15, 25

California Labor Code §§ 226, 432, and 1198.5 ....................................................8

California Labor Code §§ 226.7 and 512 ..............................................................8

California Labor Code §§ 226.7 and 516 ..............................................................8

California Labor Code § 245.5(a)(1) ...............................................................23, 24

California Labor Code §§ 245.5(a)(1) and (a)(2) ................................................23

LITTLER
MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

California Labor Code § 245.5(a)(2) ..................................................................23, 24

California Labor Code § 246 ...................................................................................23

California Labor Code §§ 510 and 1194 ..............................................................8, 18

California Labor Code § 512(e)...........................................................................21, 22

California Labor Code § 512(f)(1) ...........................................................................21

California Labor Code § 514 ............................................................18, 19, 21, 24

California Labor Code § 2802 ...............................................................................8, 26

Califrionia Labor Code §§ 1194, 1194.2, and 1197 .................................................8

Employee Retirement Income Security Act .......................................................9, 25

Labor Management Relations Act § 301 ...........................................................*passim*

National Labor Relations Act ...................................................................................10

Unfair Competitions Law ..........................................................................15, 25, 26

**Other Authorities**

FRCP 81(c)(2)(C) ......................................................................................................9

IWC Wage Order .......................................................................................................22

Rule 12(b)(1), (3) and (6) ..........................................................................................9

Wage Order 16 CBA.............................................................................................*passim*

Wage Order 16 § 11(D). *Thieroff*, 2022 WL 2965393, *5...............................22, 23

LITTLER
MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF BROCK ALLMARAS:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1441(a) and 1446, Defendant UNIVERSITY MECHANICAL & ENGINEERING CONTRACTORS, INC. ("Defendant" or "UMEC") hereby removes the above-captioned action from the Superior Court for the State of California, in and for the County of San Diego to the United States District Court, Southern District of California. Removal is proper based on 29 U.S.C. § 185(a). This action is removed pursuant to the procedures found in 28 U.S.C. §§ 1441 and 1446, and removal jurisdiction is based on 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1446(d), Defendant will also file a copy of this Notice of Removal with the San Diego Superior Court.

**I.    PROCEDURAL BACKGROUND**

On August 2, 2024, Plaintiff Brock Allmaras ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of San Diego, captioned as *Brock Allmaras v. University Mechanical & Engineering Contractors, Inc. and Does 1 through 50*, Case No. 24CU004291C (the "Complaint"). The Complaint contains eleven causes of action, alleging: (1) Failure to Pay Minimum Wages (Cal. Lab Code §§ 1194, 1194.2, and 1197); (2) Failure to Pay Overtime Wages (Cal. Lab Code §§ 510 and 1194); (3) Failure to Provide Meal Periods (Cal. Lab. Code §§ 226.7 and 512); (4) Failure to Permit Rest Breaks (Cal. Lab. Code §§ 226.7 and 516); (5) Failure to Pay Paid Sick Leave Wages (Cal. Lab. Code §§ 200, 218, and 246);  (6) Failure to Timely Pay Wages (Cal. Lab. Code §§ 204, 210, and 218); (7) Failure to Provide Accurate Itemized Wage Statements (Cal. Lab. Code § 226); (8) Waiting Time Penalties (Cal. Lab. Code § 201 *et seq*.); (9) Failure to Indemnify Necessary Business Expenses (Cal. Lab. Code § 2802); (10) Failure to Provide Records (Cal. Lab. Code §§ 226, 432, and 1198.5); and (11) Unfair Business Practices (Cal. Bus. & Prof. Code §§ 17200, *et seq*.).

True and correct copies of the Summons, Complaint and Proof(s) of Service are attached to the supporting Declaration of Douglas Kanaan ("Kanaan Dec.") as **Exhibit**

LITTLER
MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

8

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

**A**. All other filings, orders and/or papers in the superior court action, to Defendant's knowledge, are attached to the supporting Declaration of Alejandra Gallegos ("Gallegos Decl.") as **Exhibit 1**.

As its responsive pleading, Defendant intends to file a motion to dismiss under Rule 12(b)(1), (3) and (6), within the timeline resulting from FRCP 81(c)(2)(C).

As of the date of this Notice of Removal, no other parties have been named or served with the Summons and Complaint, to Defendant's knowledge.

## II.    REMOVAL JURISDICTION

This Court has jurisdiction because a federal question exists under Section 301 of the Labor Management Relations Act ("LMRA"), which provides: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this [Act], or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a) (hereinafter, "Section 301").

Section 301 preemption and jurisdiction apply because the Complaint includes claims that can only be brought as contractual claims under a collective bargaining agreement ("CBA"), because of the application of several express CBA exemptions in the Labor Code and Industrial Welfare Commission ("IWC") Wage Order 16. Section 301 also applies because Plaintiff asserts he is entitled to relief which is controlled by the CBA and makes claims the resolution of which require interpretation of the CBA.

Plaintiff's Fifth Cause of Action is also preempted by the Employee Retirement Income Security Act ("ERISA") because the source of paid sick leave benefits (for illness or accident) for Plaintiff is the ERISA-covered employee welfare benefit plans provided by the CBA.

If any claims in the Complaint are not preempted, the entire action is still removable under 28 U.S.C. § 1441(c) because this Court has supplemental jurisdiction

LITTLER
MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

9

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

under 28 U.S.C. § 1367. All claims in the Complaint are sufficiently related to form part of the same case or controversy.

## III. REMOVAL PROCEDURE

### A. Venue Is Proper in This District.

Plaintiff filed this action in the Superior Court of California, County of San Diego. Therefore, pursuant to 28 U.S.C. §§ 84(a), 1391, and 1441(a), venue properly lies in the United States District Court for the Southern District of California.

### B. This Removal Is Timely Made Within Thirty Days of Service of the Complaint.

Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because Defendant filed it within thirty (30) days after the service of the Summons and Complaint filed in the State Court Action. Service occurred on August 6, 2024. (Kanaan Decl., ¶ 2.) This Notice of Removal is timely filed within thirty (30) days thereafter. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 354 (1999).

### C. The Parties.

For more than 20 years, UMEC has been a member of the California Plumbing and Mechanical Contractors Association. (Kanaan Decl., ¶¶ 4-6.) California Plumbing and Mechanical Contractors Association (comprised of its member employers, such as UMEC) and the Southern California Pipe Trades District Counsel No. 16 of the United Association (the "Union") have, at all relevant time times, been parties to a CBA. (*Id*.)

For the entirety of his employment from July 18, 2023, to April 12, 2024, Plaintiff was employed by UMEC in a position in the bargaining unit represented by the Union. (*Id*. at ¶ 3.) A true and correct copy of the CBA in effect during Plaintiff's employment and applicable to Plaintiff's employment is attached to the Kanaan Decl. as **Exhibit A**. The CBA is effective through August 31, 2026. (Kanaan Decl., ¶ 3.)

Defendant is a corporation engaged in an industry affecting commerce within the meaning of the National Labor Relations Act (the "NLRA"). 29 U.S.C. §§ 152(2), (6),

LITTLER
MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

10     NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

(7), and 185(a). The Union is a labor organization under the NLRA and the LMRA. 29 U.S.C. §§ 152(5) and 185(a).

## IV.    FACTUAL BACKGROUND

### A.    Plaintiff's Employment

Defendant employed Plaintiff in the temporary classifications of Pre-Apprentice, and then as a First Year Apprentice. (Compl., ¶ 14; Kanaan Decl., ¶ 7.) In these positions, and throughout his entire employment with Defendant, Plaintiff was a member of a bargaining unit represented by the Union. (Kanaan Decl., ¶ 4; *see also* Exh. B at Appendix A, p. 12.)

Further, Plaintiff, like all other workers covered by the CBA, was employed in a construction occupation. (*See* CBA, Appendix A, pp. 12-13 [listing types of construction work covered by the CBA]; CBA, Section B.4.1.1 [IWC Wage Order 16, which applies to construction work, applies to employees covered by the CBA]; Kanaan Decl., Exh. B, pp. 12-13, 17.)

Plaintiff earned a base hourly rate of $19.46 from July 18, 2023, to August 31, 2023 (Pre-Apprentice), of $20.17 from September 1, 2023, to October 8, 2023, (Pre-Apprentice), and of $24.20 from October 9, 2023, through the termination of his employment on April 12, 2024 (First Year Apprentice). (Kanaan Decl., ¶¶ 9-11; CBA, Appendix E.)

### B.    Relevant Collective Bargaining Agreement Provisions

The term of the CBA in effect during Plaintiff's employment was July 1, 2017, to August 31, 2026. (Kanaan Decl., ¶ 4, **Exhibit B**.) The provisions of the CBA relevant to this Removal include the following:

### 1.  **Recognition**
**1.1.1** The Union claims and each individual Contractor acknowledges and agrees that a majority of its employees performing plumbing and pipefitting work, as more particularly described in Appendix A.

(*Id*. at **Exhibit B**, pp. 1 at § 1.)

LITTLER
MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

### 2. Wage Rates and Overtime

**Section 4, 4.1.1** WORKDAY AND WEEK. The workdays shall be eight (8) consecutive hours, exclusive of lunch period, between 6:00 A.M. and 4:30 P.M. Forty (40) hours, Monday 6:00 A.M. through Friday, 4:30 P.M. shall constitute a week's work. …One single shift may be established outside of regular work day hours and paid at straight time …..

**Section 4, 4.1.2** Work in excess of eight (8) hours per shift shall be paid at overtime rates, in computing overtime pat the shift rate shall be the base rate.

**Section 4, 4.7.1** Double time shall be paid for all hours worked over ten (10) hours, Monday through Saturday. Sundays and Holidays shall be double time. Time and one half shall be paid for all other overtime. When an employee is called back, he shall be paid double time and a minimum of two (2) hours pay at double time.

(*Id*. at **Exhibit B**, pp. 2-4 at § 4.)

**Appendix E, E.1.1** The hourly wage rate and fringe contributions stipulated in Appendix E.I of this Agreement, shall apply to work performed by employees on all work covered by the terms of this Agreement in the following counties: Los Angeles, Orange, Riverside, San Bernardino, Imperial, Ventura., Santa Barbara, San Luis Obispo, San Diego, Kern, Mono and Inyo Counties. including all Offshore Islands and Platforms. Increases of Wages and Benefits shall be per the attached Wage Rate sheets. ….

(*Id*. at **Exhibit B**, p. 26 at Appendix E.)

### 3. Meal Breaks

**Section 4, 4.1.1** WORKDAY AND WEEK. The workdays shall be eight (8) consecutive hours, exclusive of lunch period, between 6:00 A.M. and 4:30 P.M. . . .

**Section 4, 4.1.4** EMERGENCY LUNCH PERIOD. Men who are required in an emergency to work through their lunch period or from 12:00 noon to 1:00 P.M. shall take their lunch period at 11:30 A.M. or 1:00 P.M., and such emergency work shall be done at the straight time rate.

LITTLER
MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

(*Id*. at **Exhibit B**, pp. 2-3 at § 4.)

### 4. Tools

**Section 4, 4.12.4.2** The Employee may opt to furnish other miscellaneous hand tools of choice, not to exceed one hundred dollars ($100.00) in value. **Under** no circumstances will power tools, electrical cords, ladders, etc.be permitted under the description of miscellaneous hand tools.

**Section 4, 4.12.4.4** No Employee shall furnish any tools, other than as described in Paragraph 4.12.4 and shall not deposit any money to guarantee the safety of any tool kit. Contractor shall furnish welders with hoods, sleeves, gloves, and goggles, and clear glass for hoods. Journeymen and Apprentices shall be furnished helmets for their protection. Contractors shall furnish lighters. Hoods and colored lenses, etc. broken or damages on the job shall be replaced by the Contractor, except when damaged through negligence of the Employee. . . .

(*Id*. at **Exhibit B**, p. 6 at § 4.)

### 5. Hiring Provisions

**Section 5, 5.1.1** Qualified craftsmen. Contractors shall employe Journeymen, Plumbers, Pipefitters and Welders. Journeymen shall be P.I.P.E./N.I.T.C. and/or UA National Certified for employment under this Agreement who have successfully passed a P.I.P.E/N.I.T.C. and/or UA National Certification Examination in the plumbing or pipefitting trade in the building and construction industry.

(*Id*. at **Exhibit B**, p. 6 at § 5.)

### 6. Appendix B, Grievance and Arbitration

**Section B.2.1** provides that the grievance and arbitration process includes: "All grievances or dispute concerning a violation of or arising under this Agreement ..."

**Sections B.2.2, B.2.3, B.2.4 and B.2.5** describe the steps of the grievance process prior to arbitration.

**Section B.3** describes the final and binding arbitration process that results for grievances not settled in the steps set forth in Section B.2 of Appendix B.

LITTLER
MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

13    NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

**Section B.4.1.1** provides that the normal Appendix B process (set forth in Sections B.2 and B.3) applies to claims arising from the provisions of Wage Order 16, and specifically to Wage Order 16 claims as to which a CBA exemption is available, as follows: "Arbitration of Employment Related Claims. Any dispute, complaint or grievance alleging a violation of the Master Labor Agreement or the National Labor Relations Act shall be processed through the Procedure for Settlement of Grievance and Disputes in Appendix B, and the Local Union shall retain sole and exclusive ability to bring such a grievance to arbitration pursuant such Article. In addition, any dispute, complaint or grievance concerning a violation of, or arising under the Industrial Welfare Commission Wage Order 16 ("Wage Order 16"), which is subject to the Procedure for Settlement of Grievance and Disputes ... by operation of Wage Order 16 and exemptions contained therein for employees covered by collective bargaining agreement shall remain subject only to Appendix B ... Disputes, complaints or grievances within the scope of this paragraph shall be referred to as 'ontractual Disputes'." There are several potentially applicable CBA exemptions in Wage Order 16: overtime (Section 3(H)); reporting time pay (Section 5(D)); meal breaks (at Sections 10(E) and 10(F)); rest breaks (at Sections 11(D) and 11(E)). As discussed below, because all other relevant CBA exemptions are covered by a statute, the Wage Order 16 CBA exemption at issue here is the CBA exemption for rest breaks, in particular at Section 11(D) of Wage Order 16.

(*Id*. at **Exhibit B**, pp. 14-17.)

### 7. <u>Timing and Method of Wage Payment</u>

**4.6.1** PAY PROVISIONS. Pay day shall be the last regular scheduled work day of the week with not more than three (3) days being withheld. . . .

(*Id*. at **Exhibit B**, p. 3 at § 4.)

### 8. <u>Paid Time Off and Sick Leave</u>

**Section C.5, C.5.2.1** The parties intend to cover paid time off as part of the benefits paid through the Southern California Pipe Trades Vacation and Holiday Trust Fund ("V&H Fund"). The Trust Agreement for the V&H Fund shall be revised to include paid time off as one of the benefits paid by this fund.

**Section C.5, C.5.2.2** The parties through this Collective Bargaining Agreement expressly waive the requirements for signatory contractors

LITTLER
MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

14

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

under the Healthy Workplace Healthy Families Act of 2014 to provide paid sick days and to the extent permissible under any local ordinance which allows bargaining parties to waive paid sick days through collective bargaining, the parties do hereby exercise such a waiver.

(*Id.* at **Exhibit B**, p. 2 at Appendix C1.)

   **9. <u>Workplace Standards</u>**
   **Appendix F**, Adhere to the contractual starting and quitting times, including lunch and break periods (Personal cell phones will not be used during the workday with the exception of lunch and break periods.)

(*Id.* at **Exhibit B**, p. 35 at Appendix F.)

## V.   LEGAL DISCUSSION

Plaintiff pleads eleven causes of action, all of which involve wage and hour provisions of the California Labor Code, IWC Wage Orders, and Unfair Competitions Law ("UCL"). However, the majority of Plaintiff's non-derivative claims, namely his overtime, meal break, and timely payment of wages (Labor Code Section 204), and paid sick leave,  claims are preempted under Section 301 because such claims are necessarily contractual claims under the CBA; California state law does not apply to such claims because of an express exemption in the Labor Code or Wage Order 16. Plaintiff's derivative claims (for wage statement penalties under Labor Code Section 226, waiting time penalties under Labor Code Section 203, and restitution under the UCL), are preempted under Section 301 because such claims rise or fall based on the underlying substantive (and preempted) overtime, meal break, rest break, timely payment of wages and/or paid sick leave claims. Plaintiff's minimum wage claim is preempted by Section 301 because the minimum wage claim is based on exactly the same alleged facts as the overtime claim. Plaintiff's expense reimbursement claim is preempted because the resolution that claim requires interpretation of the CBA. In the alternative, the Court has supplemental jurisdiction of these claims, which form part of the same case or controversy as Plaintiff's preempted claims.

LITTLER
MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

15

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

**A.    The Section 301 Preemption Analysis – Legal Standard**

Section 301 completely preempts all claims that are based on, or require the interpretation of, a collective bargaining agreement. *United Steelworkers of America v. Rawson*, 495 U.S. 362, 368–69 (1990); *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209–11 (1985); *Associated Builders & Contractors, Inc. v. Local 302 International Brotherhood of Electrical Workers*, 109 F.3d 1353, 1356–57 (9th Cir. 1997) (Section 301 is construed "quite broadly to cover most state-law actions that require interpretation of labor agreements"). "The preemptive force of section 301 is so powerful as to displace entirely any state claim based on a collective bargaining agreement and any state claim whose outcome depends on analysis of the terms of the agreement." *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987); *Allis-Chalmers*, 471 U.S. at 220 (if preempted, the "claim must either be treated as a § 301 claim ... or dismissed").

Section 301 preemption furthers two important federal policies. First, it ensures that the interpretation of collective bargaining agreements remains uniform and independent of state law. *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103–04 (1962) (inconsistent interpretations would "inevitably exert a disruptive influence upon both the negotiation and administration of collective agreements"). Second, the complete preemption doctrine gives effect to the parties' mutual promise to resolve disputes through the grievance-arbitration process and furthers the strong federal policy that labor disputes "remain[] firmly in the arbitral realm." *Lingle v. Norge Div. of Magic Chef*, 486 U.S. 399, 411 (1988). As articulated in *Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053, 1059-60 (9th Cir. 2007), and as refined in *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019), the Ninth Circuit applies a two-step test to determine whether a claim is preempted under Section 301.

*Curtis* Step One. Under the Section 301 preemption analysis, courts must first inquire whether the relief requested by a plaintiff "involves a right [that] exists solely as a result of the CBA." *Curtis*, 913 F.3d at 1152. Under *Curtis*, where an asserted

LITTLER
MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

Labor Code or Wage Order claim is covered by an available collective bargaining exemption – such that there exists no valid underlying state law claim – the inquiry is resolved at this first step in favor of preemption. *See, e.g., Jones v. Sysco Ventura Inc.,* 2021 WL 6104193, *7 (C.D. Cal. Sep. 1, 2021); *Giles v. Canus Corp.*, 2022 WL 3370793, *4-5 (N.D. Cal. Aug. 16, 2022). For the reasons explained below, the vast majority of Plaintiff's claims are preempted under Step One.

*Curtis* Step Two. If there is no Section 301 preemption found at the first step, courts proceed to the second step of the analysis, which asks "whether a plaintiff's state law right is substantially dependent on analysis of the CBA." *Curtis*, 913 F.3d at 1153. Under this second step, where there is no applicable collective bargaining agreement exemption, preemption still applies if the resolution of a claim requires interpretation of the collective bargaining agreement. Here, as discussed below, Step Two comes into play in relation to Plaintiff's minimum wage claim. *See Mellon v. Universal City Studios, LLC,* 2022 WL 4021692, at *5 (C.D. Cal. Sep. 2, 2022); *Rodriguez v. Gonsalves & Santucci, Inc.*, 2022 WL 161892, *5 (N.D. Cal. Jan. 18, 2022); *Giles,* 2022 WL 3370793, *6. Step Two also comes into play in relation to Plaintiff's expense reimbursement claim. *See Rodriguez,* 2022 WL 161892, *4-5; *Linebarger v. Graphic Packaging International, LLC*, 2020 WL 1934958, *6 (C.D. Cal. Apr. 22, 2020); *Gay v. Pac Steel Group,* 2023 U.S. Dist. LEXIS 164851, *20 (N.D. Cal. Sep. 15, 2023) ("*Gay II*").

Whether Plaintiff's operative pleading mentions the CBA is not relevant to the Section 301 preemption analysis. *Curtis*, 913 F.3d at 1152; *Radcliff v. San Diego Gas & Elec. Co.*, 519 F. Supp. 3d 743, 750 (S.D. Cal. 2021); *Mellon*, 2022 WL 4021692, *2; *Ayon v. Zero Waste Sols., Inc*, 2021 WL 4065716, *3 (E.D. Cal. Sept. 7, 2021).

## B. Plaintiff's Second Cause Of Action (Overtime) Is Preempted Under *Curtis* Step One.

Plaintiff's Second Cause of Action alleges that Defendant failed to pay Plaintiff and the class members overtime, and also includes a timely payment of wage claim

LITTLER
MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

17

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

under Labor Code Section 204.[1] (Compl., ¶ 52.) However, Plaintiff has no state law overtime claim because the Labor Code Section 514 exemption applies. Section 514 provides an overtime exemption where "an employee is covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage."

In furtherance of the Legislature's explicit goal of protecting the collective bargaining system, the Section 514 overtime exemption has been construed and applied capaciously by state and federal courts. *See Vranish v. Exxon Mobil Corp.*, 223 Cal. App. 4th 103, 109 (2014) (where Section 514's requirements are met, an employer is only required to pay for overtime as defined by the collective bargaining agreement and Section 510 simply does not apply); *Curtis*, 913 F.3d at 1154-55 ("While section 510 establishes a default definition of overtime applicable to non-unionized employees, unionized employees 'have sought and received alternative wage protections through the collective bargaining process'") (citing *Vranish*; quoting *Firestone v. S. Cal. Gas Co.*, 219 F.3d 1063, 1067 (9th Cir. 2000)).

First, the CBA provides for a range of wages, hours and working conditions. (*See* CBA, *supra,* Section 4; Appendix E.)

Second, the CBA provides premium wage rates for all overtime hours worked. (*See* CBA, Section 4.7.1, p.4.)

Third, the CBA provides regular hourly rates of pay of not less than 30 percent more than the state minimum wage. The average wage rate of UMEC employees under the CBA in 2020 was $38.60 (Kanaan Decl., ¶ 12); 130% of the state minimum wage in 2020 was $16.90.  The average wage rate of UMEC employees under the CBA in 2021 was $39.39 (Kanaan Decl., ¶ 13); 130% of the state minimum wage in 2021 was

---

[1] Plaintiff's Labor Code Section 204 claim, which is also included in his Second Cause of Action (*see* Compl., ¶¶ 51-52) is preempted under Section 301 for the reasons described in Section G below.

LITTLER
MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

$18.20. The average wage rate of UMEC employees under the CBA in 2022 was $39.96 (Kanaan Decl., ¶ 14); 130% of the state minimum wage in 2022 was $19.50. The average wage rate of UMEC employees under the CBA in 2023 was $41.34 (Kanaan Decl., ¶ 15); 130% of the state minimum wage in 2023 was $20.15.  The average wage rate of UMEC employees under the CBA in 2024 year-to-date is $40.87 (Kanaan Decl., ¶ 16); 130% of the state minimum wage in 2024 is $20.80. Plaintiff's wage rate for the majority of his tenure with UMEC was $24.20 (First Year Apprentice), which is more than 130% of the state minimum wage. (Kanaan Decl., ¶ 11). The only CBA classification that has ever been below 130% of the minimum wage is a temporary classification, Pre-Apprentice, and only 9% (26 of 288) of UMEC employees under the CBA (within the four-year period prior to the filing of the Complaint) have ever been in the Pre-Apprentice classification. (Kanaan Decl., ¶ 18). Thus, the 130% prong of the Labor Code Section 514 exemption is met. *See, e.g., Sachs v. Pankow Operating, Inc.*, 2022 WL 489696, *6-7 (C.D. Cal. Feb. 16, 2022); *Rodriguez v. USF Reddaway Inc.*, 2022 WL 18012518, *3-4 (E.D. Cal. Dec. 30, 2022); *Huerta v. Doubletree Emp. LLC*, 2024 WL 890548, *3 (C.D. Cal. Mar. 1, 2024).)

Where, as here, the Section 514 exemption applies to a union-represented plaintiff, the "right to overtime 'exists solely as a result of the CBA,' and therefore is preempted under § 301." *Curtis*, 913 F.3d at 1154; *accord, e.g., Giles*, *supra*, 2022 WL 3370793, *4; *Braswell v. AHMC San Gabriel Valley Med. Ctr. LP*, 2022 U.S. Dist. LEXIS 42113, *11 (C.D. Cal. Mar. 8, 2022); *Hall v. Live Nation Worldwide, Inc.*, 146 F. Supp. 3d 1187, 1203-04 (C.D. Cal. 2015) (same).

### C.    Plaintiff's First Cause Of Action (Minimum Wages) Is Preempted Under *Curtis* Step One Or Step Two.

Plaintiff's First Cause of Action is his minimum wage claim. (Compl., ¶ 48.) Plaintiff's minimum wage claim is a classic "off-the-clock" claim asserting that unpaid work was performed (i) prior to the normal shift when employees allegedly reported early for unpaid work and (ii) at undefined other times (outside of the normal shift)

LITTLER
MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

19

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

1    when employees allegedly received texts or calls from UMEC about work-related
2    matters. (Compl., ¶¶ 25-27.)

3        The pleaded facts in support of Plaintiff's overtime claim *are exactly the same*.
4    (*See* Compl., ¶¶ 28-29.)  Plaintiff's overtime allegations are also "off-the-clock" claims
5    that rely entirely on the facts "mentioned above" (*id.*, ¶ 29). The only off-the-clock
6    related facts "mentioned above" Paragraphs 28-29 of the Complaint are those in
7    Paragraphs 25-27. In sum, the alleged factual bases for Plaintiff's First Cause of Action
8    (minimum wages) are precisely the same as those underlying his Second Cause of
9    Action (overtime). Because Plaintiff's overtime claim is preempted (as discussed
10   above), so, too, is his factually conjoined minimum wage claim. *See Chavez v. Smurfit*
11   *Kappa North America LLC*, 2018 WL 8642837, *4 (C.D. Cal. Oct. 17, 2018) (also
12   dealing with off-the-clock allegations, and holding that "because the unpaid minimum
13   wages claim can only arise out of Defendant's failure to pay overtime wages, the unpaid
14   minimum wages claim is also dismissed with prejudice."); *Thieroff v. Marine Spill*
15   *Response Corp.*, 2022 WL 2965393, *4 (C.D. Cal. Jun. 6, 2022) ("Moreover, to the
16   extent this [minimum wage off-the-clock] claim is derivative of the overtime claim or
17   is otherwise covered by the CBAs, it is preempted as discussed above"). Thus, the First
18   Cause of Action is preempted under *Curtis* Step One.

19        In addition, Plaintiff's First Cause of Action is preempted under *Curtis* Step
20   Two because the issue of sufficient pay upon arrival at the worksite (an issue that is
21   expressly part of Plaintiff's off-the-clock claim) is addressed in Sections 4.1.2
22   (Reporting and Quitting Time) and 4.1.3 (Show Up Pay) of the CBA, as well as in
23   Section 5.3.3 (if employees "do not report at 8:00 A.M. or [the] agreed starting time
24   they shall be paid only for time actually worked.").  Courts have consistently held that
25   minimum wage/off-the-clock claims are preempted when the CBA contains such
26   provisions regarding "show up pay" and pay for "actual hours worked." *See Rodriguez*
27   *v. Gonsalves & Santucci, Inc.*, 2022 WL 161892, *5 (N.D. Cal. Jan. 18, 2022) (finding,
28   where plaintiff alleged "defendant failed to pay minimum wages for off-the-clock

LITTLER
MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

activity," resolution of minimum wage claim required, "[a]t minimum, ... interpretation of CBA terms such as 'actual hours worked' and 'show up expenses'"); *Giles*, *supra,* 2022 WL 3370793, *6 (holding minimum wage claim preempted because resolving that claim would require an interpretation of CBA terms "actual time worked" and "show-up pay").

For either or both of these reasons, Plaintiff's First Cause of Action is preempted.

### D.    Plaintiff's Third Cause Of Action (Meal Breaks) Is Preempted Under *Curtis* Step One.

Plaintiff's Third Cause of Action alleges the failure to provide meal breaks under California law. (Compl., ¶¶ 55-57.) However, Plaintiff has no state law meal break claims because the Labor Code Section 512(e) exemption applies. As is relevant here, the Section 512(e) exemption applies because Plaintiff: (i) was employed in a construction occupation (*see* CBA, pp. 12-13, Appendix A; Labor Code Section 512(f)(1)); and (ii) was covered by a CBA that (a) expressly provides for a range of wages, hours and working conditions (*see* CBA, *supra*, pp. 2-4 , Section 4; Appendix E ), (b) expressly provides for meal periods (*see id.* at Sections 4.1.1, 4.1.4), (c) provides final and binding arbitration of disputes concerning all provision of the CBA (including the CBA's meal period provisions) (*see id.* at Appendix B, Section B.2, B3), (d) provides premium wage rates for all overtime hours worked (*see id*. at Section 4.7.1); and (e) provides a regular hourly rate of pay of not less than 30% more than the state minimum wage (*see* discussion in Section III.B.1 above of 130% prong in relation to Labor Code Section 514 exemption).

The meal break CBA exemption in Labor Code Section 512(e) has, like the Section 514 exemption, been construed broadly by the courts with an eye toward the Legislature's goal of protecting the collective bargaining process. In the seminal case, *Araquistain v. Pacific Gas & Electric Co.*, 229 Cal. App. 4th 227, 230, 237-38 (2014), the Court of Appeal (affirming the superior court's order), held that the Section 512(e) exemption was met where the underlying CBA simply provided that "shift employees

LITTLER
MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

21

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

and other employees whose workday consists of eight consecutive hours shall be permitted to eat their meals during work hours and shall not be allowed additional time therefore at Company expense" (i.e., even where the CBA did not provide a precise duration or timing for meal periods). Where the Section 512(e) exemption is met, the exempted-from state law provision (in this case, meal periods), "as a whole," does not apply. *Id.* at 236.

Further, where, as here, the Section 512(e) exemption applies, a pleaded state law meal period claim is preempted by Section 301. *See Rodriguez, supra,* 2022 WL 161892, *4 (*citing Curtis*, 913 F.3d at 1155-56); *Giles*, *supra*, 2022 WL 3370793, *4-5; *Coria v. Recology, Inc.*, 63 F. Supp. 3d 1093, 1098 (N.D. Cal. 2014).

**E.    Plaintiff's Fourth Cause Of Action (Rest Breaks) Is Preempted Under *Curtis* Step One.**

Plaintiff's Fourth Cause of Action alleges failure to provide rest breaks under California law, specifically under the "Rest Periods" section of the applicable IWC Wage Order. (Compl., ¶¶ 60-62.)  However, as is the case with his prior causes of action, Plaintiff's rest break claim is preempted by Section 301 if an applicable CBA exemption applies. *See Rodriguez, supra,* 2022 WL 161892, *4; *Zayerz v. Kiewit Infrastructure W.*, 2018 WL 582318, *4 (C.D. Cal. Jan. 18, 2018).

In the applicable Wage Order, Wage Order 16, there are two potentially applicable rest break CBA exemptions, at Sections 11.D and 11.E, respectively. The Section 11(D) CBA exemption applies here and reads as follows: "In cases where a valid collective bargaining agreement provides final and binding mechanism for resolving disputes regarding enforcement of the rest period provisions, the collective bargaining agreement will prevail." Cal. Code Regs., Title 8, Section 11160(11)(D).

Here, the CBA, at Section B.4.1.1 (p.17) expressly provides a final and binding arbitration mechanism for the resolution of disputes regarding rights arising under Wage Order 16, specifically including all such rights that are subject to a CBA exemption (such as rest breaks). Thus, the CBA prevails under Section 11(D) of Wage

LITTLER
MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

22

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

Order 16. *Thieroff*, 2022 WL 2965393, *5. Notably, the CBA at issue in *Zayerz* contained substantially identical language as Section B.4.1.1 of this CBA. *See* 2018 WL 582318, *4-5 ("further, the CBA adopts the Wage Order's language regarding dispute resolution, stating that '[a]ny dispute or grievance arising from [Wage Order 16] shall be processed under and in accordance with Article VI, Procedures for Settlement of Grievances and Disputes of this Agreement.'")

While Defendant submits that it is clear that the Section 11(D) rest break exemption is met due to Section B.4.1.1., Plaintiff may not agree. In the event that Plaintiff disputes Defendant's interpretation of Section B.4.1.1 of the CBA as applied to rest breaks, this only strengthens the argument that the claim is preempted under Section 301. *See Marquez v. Toll Global Forwarding (USA), Inc.*, 2018 WL 3218102, *3 (C.D. Cal. June 28, 2018) (holding rest break claim preempted; "addressing the issue will require more than merely applying the terms of the CBA. It will require interpretation, and the parties will likely dispute the meaning of these terms."); *accord Gay v. Pacific Steel Group*, 2021 WL 2917095, *3 (N.D. Cal. Jun. 15, 2021),

**F.    Plaintiff's Fifth Cause Of Action (Paid Sick Leave) Is Preempted Under *Curtis* Step One.**

Plaintiff alleges that Defendant failed to provide Plaintiff and class members adequate sick leave pay under Labor Code Section 246. (Compl., ¶ 64.)  The Labor Code contains two potentially applicable CBA exemptions, in Labor Code Sections 245.5(a)(1) and (a)(2). If either Section 245.5(a) exemption applies, then Plaintiff's paid sick leave law claim is preempted under Section 301. *Brumble v. Andrew M. Jordan, Inc.*, 2023 WL 4053418, *2-3 (N.D. Cal. June 16, 2023) (under *Curtis* and *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053 (9th Cir. 2007), sick time pay claim was preempted where Labor Code Section 245.5 CBA exemption applied). Here, Plaintiff's Fifth Cause of Action is preempted because one or both of the available CBA exemptions met.

The Labor Code Section 245.5(a)(2) exemption applies when "a valid collective bargaining agreement … expressly provides for the wages, hours of work, and working

LITTLER
MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

23    NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

conditions of employees, premium wage rates for all overtime hours worked, and regular hourly pay of not less than 30 percent more than the state minimum wage rate, and the agreement … expressly waives the requirements of this article in clear and unambiguous terms." Most of these elements are the same as the elements in the Labor Code Section 514 exemption; the CBA meets these elements for the reasons discussed in Section V(B) above. The only other element of the Section 245.5(a)(2) exemption is met by Section C.5.2.2, on p. 21 of the CBA, which is a clear and unambiguous waiver of the state paid sick leave law.

The Labor Code Section 245.5(a)(1) exemption applies when "a valid collective bargaining agreement … expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for paid sick days or a paid leave or paid time off policy that permits the use of sick days for those employees, final and binding arbitration of disputes concerning the application of its paid sick days provisions, premium wage rates for all overtime hours worked, and regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate." Again, most of the elements of the Section 245.5(a)(1) exemption are the same as the elements of the Section 514 exemption, discussed above. The novel element in Section 245.5(a)(1) is that the CBA must "expressly provide[] for paid sick days or a paid leave or paid time off policy that permits the use of sick days for those employees." The CBA does so provide, through Section C.5.2.1 at p. 21 of the CBA (regarding benefits under a trust fund agreement) paid time off that can be used for reasons including illness or accidents occurring on or off the job.  (Kanaan Dec. at ¶ 20.)

The fact that the CBA-created trust controls *both* (i) whether to provide paid sick leave and (ii) the amounts and method for providing such paid sick leave is another reason why Section 301 preemption applies to Plaintiff's Fifth Cause of Action.  *Cf. Rodriguez, supra,* 2022 WL 161892, *5 ("The CBA here references the applicable vacation plan, which provides for vacation benefits administered by a board of trustees, requires employer contributions at a defined hourly rate to the plan, and prohibits

LITTLER
MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

24

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

1  employers from paying vacation benefits directly. Because the CBA is an alternate
2  contract for vacation pay, § 227.3 does not apply, and the LMRA preempts the claims.")

3        In the alternative, because both the health and welfare plan and the (now-merged)
4  vacation and holiday plan are ERISA plans, ERISA preemption also applies to
5  Plaintiff's Fifth Cause of Action. *See California Hosp. Ass'n v. Henning,* 569 F. Supp.
6  1544, 147 (C.D. Cal. 1983) ("There can be no question but that the ERISA preemption
7  provision prohibits all state regulation relating to employee welfare benefit plans");
8  *accord California Chamber of Commerce v. Simpson*, 601 F. Supp. 104, 109 (C.D. Cal.
9  1985) (*citing Henning* with approval and noting "the Congressional intent to totally
10  preempt all state regulation of employee benefit plans"). .

11  **G.    Plaintiff's Sixth Cause Of Action (Untimely Payment of Wages) Is**
12  **Preempted Under *Curtis* Step One.**

13        Plaintiff alleges that UMEC violated Labor Code Section 204 by failing to pay
14  all wages due and/or failing to pay wages twice per month. (Compl., ¶ 71.) However,
15  Labor Code Section 204 does not apply "when employees are covered by a collective
16  bargaining agreement that provides different pay arrangements." Lab. Code § 204(c).
17  Thus, as is the case with overtime, meal and rest break claims, California state law wage
18  payment claims under Section 204 are waivable and negotiable as to a union represented
19  employee. *Hall*, *supra*, 146 F. Supp. 3d at 1203-4 (holding Section 204 claim preempted
20  under Section 301 where CBA contained its own pay timing rules).

21        Here, Section 4.6.1, at p. 3 of the CBA requires weekly wage payment with no
22  more than three (3) days being withheld. This arrangement differs from the default
23  bimonthly pay timing rule of Labor Code Section 204(a). Thus, Plaintiff's Section 204
24  claim is preempted under Section 301. *Hall*, 146 F. Supp. 3d at 1203-04; *accord Ariola*
25  *v. Raytheon CA Techs Corp.*, 2023 U.S. Dist. LEXIS 158377, *21-*25 (C.D. Cal., Sep.
26  6, 2023); *Paulk v. Student Transp. Of America, Inc.*, 2024 U.S. Dist. LEXIS 1117914,
27  *9-11 (C.D. Cal. Jul. 3, 2024); *Bradford v. Prof'l Tech. Sec. Servs.*, 2020 WL 2747767,
28  *5 (N.D. Cal. May 27, 2020).

LITTLER
MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

25    NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

**H.    Plaintiff's Derivative Wage Statement Penalty, Waiting Time Penalty And UCL Claims (Seventh, Eighth And Eleventh Causes Of Action) Are Preempted Under *Curtis* Step One.**

Plaintiff's Seventh Cause of Action (wage statement penalties under Labor Code Section 226), Eighth Cause of Action (waiting time penalties under Labor Code Sections 201-203), and Eleventh Cause of Action (restitution under UCL) are all, in whole or in part, derivative of Plaintiff's claims that are preempted under Section 301 for the reasons described above. (Compl., ¶¶ 73- 81, 93-98 [all three derivative claims are based, without differentiation, on all allegations in Paragraphs 1-20 of the Complaint].) All three derivative claims are preempted under Section 301 for this reason. *Giles*, *supra,* 2022 WL 3370793, *6-7; *Rodriguez*, *supra,* 2022 WL 161892, *6; *Mellon*, *supra,* 2022 WL 4021692, *5; *Jimenez v. Young's Mkt. C*o., 2021 WL 5999082, *13 (N.D. Cal. Dec. 20, 2021); *Vasquez v. Packaging Corp. of Am*., 2019 WL 4543106, *4 (C.D. Cal. Jun. 7, 2019).

Notably, Plaintiff's Seventh and Eighth Causes of Action would be preempted under Section 301 in any event, under Step Two of the *Curtis* analysis, because such claims require the interpretation and application of detailed provisions regarding the timely payment of wages to both current and departing employees in Section 4.6.1 of the CBA. *See Curtis*, 913 F.3d at 1153. But the Step Two analysis is unnecessary where, as here, preemption under Step One is so clear.

**I.    Plaintiff's Ninth Cause Of Action (Failure to Reimburse Business Expenses) Is Preempted Under *Curtis* Step Two.**

In support of his Ninth Cause of Action under Labor Code Section 2802, Plaintiff alleges that UMEC required "Plaintiff and the class members to incur costs for work-related purposes without full reimbursement." (Compl., ¶ 40.) Plaintiff alleges Defendants required him and the class members to (1) "use their personal cellphones" for unspecified work related matters and (2) "to complete [unspecified] tasks that required tools that were not provided by Defendants" without reimbursement. (*Id.* at ¶¶ 39-40.) The body of the Ninth Cause of Action adds no supporting detail. (*Id.* at ¶¶ 39-

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

26

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

40.)

Courts routinely find expense reimbursement claims preempted where (i) a union-represented plaintiff makes general, non-specific expense reimbursement allegations and (ii) the applicable CBA contains a range of specific provisions regarding expense reimbursement. *See Rodriguez, supra,* 2022 WL 161892, *4-5; *Linebarger v. Graphic Packaging International, LLC,* 2020 WL 1934958, *6 (C.D. Cal. Apr. 22, 2020); *Gay v. Pac Steel Group,* 2023 U.S. Dist. LEXIS 164851, *20 (N.D. Cal. Sep. 15, 2023). The preemption argument is even stronger where the CBA contains provisions that touch on the specifics of the alleged expense reimbursement issue. *See Linebarger*, 2020 WL 1934958, *6 (Section 301 preemption applied to cell phone expense reimbursement claim where CBA included language regarding the purchase of *tools* necessary to complete the work, given that cell phone allegation required showing that cell phone was a necessary work tool).

Here, the CBA provides great detail regarding types of tools that are furnished by employees versus those that are provided by the employer. (*See* CBA, Section 4.12.4 at pp. 5-6.) Any changes to the list of employee-provided tools must be bargained between employer and union, *i.e.*, must be "by mutual consent." (CBA, Section 4.12.4.1.)  The employer must provide a safe place for all employee-provided tools and the employer must pay for replacement tools if they are stolen or damaged in a fire. (CBA, Section 4.12.4.3.)  The employer is expressly responsible for providing a range of tools and personal protective equipment, as well as any necessary work-related transportation. (CBA, Sections 4.12.4.4. and 4.12.4.5.) Plaintiff's Ninth Cause of Action is preempted under *Curtis* Step Two, as in *Rodriguez*, *Linebarger*, and *Gay*.

## J.   The Court Has Supplemental Jurisdiction Over Any Of Plaintiff's Claims That The Court Finds To Be Non-Preempted.

If this Court finds that any claims in the Complaint are not preempted by Section 301, the entire action is still removable under 28 U.S.C. § 1441(c) because this Court has supplemental jurisdiction under 28 U.S.C. § 1367. All claims in the Complaint are

LITTLER
MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

27                    NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

sufficiently related to form part of the same case or controversy. *See Giles*, *supra,* 2022 WL 3370793, *6 (court exercised supplemental jurisdiction over non-preempted rest break claim where overtime, meal break and minimum wage claims were preempted by Section 301); *Jimenez*, *supra,* 2021 WL 5999082, at *21 (exercising supplemental jurisdiction over non-preempted wage claims because such claims "arose from the same working conditions and relationship" as the preempted overtime and meal period claims); *Paulk, supra,* 2024 U.S. Dist. LEXIS 117914, *10-11 (exercising supplemental jurisdiction over entire action and denying motion to remand, even though *only one* non-derivative claim [namely, a claim under Labor Code Section 204] was found preempted under Section 301).

## VI.    CONCLUSION

For the reasons provided herein, Defendant hereby removes this action from the California Superior Court, in and for the County of San Diego, to the United States District Court, Southern District of California. Defendant requests that this Court retain jurisdiction for all further proceedings.

Dated:        September 5, 2024

LITTLER MENDELSON, P.C.

Joshua D. Kienitz
P. Dustin Bodaghi
Alejandra Gallegos

Attorneys for Defendant
UNIVERSITY MECHANICAL &
ENGINEERING CONTRACTORS, INC.

4867-7411-3240.7 / 089889-1017

LITTLER
MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

28

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT